UNITED STATES DISTRICT COURT
FILED
SEP 2 9 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TEARRE WILLIAMS,

Plaintiff,

v.

CORRECTION OFFICER MITCHELL; CORRECTION OFFICER TREVOR PARISIAN; OFFICER WICK MEYER, OFFICER RANK; OFFICER JAYNES; OFFICER DAHL; JOHN/JANE DOE MEDICAL STAFF NURSE; and JOHN/JANE DOE OFFICER No. 1 and No. 2,

Defendants.

25-CV-765 (JLS)

**DECISION AND ORDER**

*Pro se* Plaintiff Tearre Williams is a prisoner currently confined at the Five Points Correctional Facility ("Five Points"). He filed a complaint pursuant to 42 U.S.C. § 1983, arising from his confinement at Five Points. Dkt. 1. Williams paid the filing fee.

Because Williams is a prisoner, the Court screened his complaint, Dkt. 1, as supplemented, Dkt. 20, pursuant to 28 U.S.C. § 1915A(a)-(b). *See generally* Dkt. 26 ("the initial screening order"). The Court permitted Williams's First Amendment retaliation claim against Parisian to proceed to service. *Id.* at 24-25. It also dismissed, without leave to amend, the claims against the New York State Department of Corrections and Community Supervision ("DOCCS"), the individual

defendants in their official capacities for monetary damages, and Five Points. *Id.* His claims for deprivation of property, denial of grievance procedures, and violations of the Health Insurance Portability and Accountability Act ("HIPAA") were also dismissed, without leave to amend. *Id.* His remaining claims were dismissed, but with leave to file an amended complaint. *Id.*

Williams has since filed an amended complaint, albeit unsigned. Dkt. 29. For the reasons that follow, Williams must submit a signed version of his amended complaint (Dkt. 29) by **November 2, 2026**, and if he does, the Court will screen Williams's amended complaint pursuant to 28 U.S.C. § 1915A(a)-(b) in due course.

If Williams fails to timely submit a signed version of the amended complaint, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the First Amendment retaliation claim against Parisian—will proceed to service.

## DISCUSSION

### I. Legal Standards

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however

unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 9-19-CV-0303 (MAD) (TWD), 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) (summary order) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to amend a second time. Therefore, granting [the Plaintiff] leave to amend his amended complaint as to these claims would have been futile."); *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II. A Signed Amended Complaint is Necessary

Williams's amended complaint contains a typed signature. Dkt. 29 at 1. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). *See Brown v. Embassy of Antigua & Barbuda*, No. 25-CV-2436 (LTS), 2025 WL 963306, at *1 (S.D.N.Y. Mar. 28, 2025) (directing the plaintiff to submit a signed signature page to the complaint); *Solek v.*

*Wallace*, No. 3:20-CV-01600 (VAB), 2021 WL 2186431, at *6 (D. Conn. May 28, 2021) ("[T]he [c]omplaint is subject to dismissal for failure to comply with Rule 11(a)."); *Daniels v. Doe #3*, No. 920CV0888 (BKS/TWD), 2021 WL 230105, at *2 (N.D.N.Y. Jan. 22, 2021) ("This matter cannot proceed without a properly signed complaint . . . .").

The Supreme Court has interpreted "the requirement of a signature [under Rule 11(a)] to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Federal Rule of Civil Procedure 5(d)(3)(C) permits "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block [to] "constitute[ ] the person's signature." Fed. R. Civ. P. 5(d)(3)(C); *see* W.D.N.Y. Administrative Procedures Guide for Electronic Filing § 2(G). But Williams does not have an electronic-filing account.

The need to obtain a signed version of the amended complaint and confirm that the allegations are in fact being asserted by Williams is compounded by the fact that the amended complaint was mailed by a third-party. Dkt. 29 at 2 (providing a return address of Jarrad Francis, 91 Pine Street, Apt. 4, Springfield, Massachusetts 01105). Before the amended complaint can be screened, Williams must submit a signed version of the amended complaint. If Williams fails to do so, the amended complaint will be treated as a nullity, and only the remaining claim of

the complaint—the First Amendment retaliation claim against Parisian—will proceed to service.

## CONCLUSION

For the reasons set forth above, Williams shall submit a signed version of the amended complaint (Dkt. 29) by **November 2, 2026**; but if he does not, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the First Amendment retaliation claim against Parisian—will proceed to service. If a signed version of the amended complaint (Dkt. 29) is filed,[1] the Court will screen Williams's amended complaint pursuant to 28 U.S.C. § 1915A(a)-(b) in due course.

## ORDER

IT IS HEREBY ORDERED that Williams shall submit a signed version of the amended complaint (Dkt. 29) by **November 2, 2026**; but if he does not, the amended complaint will be treated as a nullity, and only the remaining claim of the complaint—the First Amendment retaliation claim against Parisian—will proceed to service; and it is further

ORDERED that if Williams timely submits a signed version of the amended complaint (Dkt. 29), the Court will screen it pursuant to 28 U.S.C. § 1915A(a)-(b) in due course; and it is further

[1] To be clear, permission is being granted solely to file a signed version of the existing amended complaint (Dkt. 29). Any attempt to file a second amended complaint will be rejected.

ORDERED that Williams may request an order from the Court directing service of the complaint (Dkt. 1, 20) by the United States Marshals Service, provided that Williams pays the service fee to the United States Marshals Service in full in advance by money order or certified check. Service by the Marshals Service is not mandatory and is within the Court's discretion. *See* Fed. R. Civ. P. 4(c)(3). For service by mail the fee is $8.00 per summons and complaint. Williams is advised that if the initial service is unsuccessful, he will be required to pay the United States Marshals Service any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the United States Marshals Service; and it is further

ORDERED that the Clerk of Court shall mail Williams a copy of the amended complaint (Dkt. 29) for him to sign and return, as well as a form motion for service by the United States Marshals Service and this Decision and Order; and it is further

ORDERED that, upon service of the complaint, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant(s) shall answer or respond to the applicable claims against them; and it is further

ORDERED that if Williams fails to timely file a signed version of the amended complaint (Dkt. 29), the Clerk of Court shall terminate all defendants named in the complaint except Parisian; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Williams must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: September 29, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE